Mr. Justice Johnson
delivered the opinion of the Court.
The witness, Yarborough, proved every fact charged in the indictment, and the deductions to be'drawn from them as to the quó animo, they were committed, as well as his credibility, were questions proper- for the consideration of the jury ; and the most incredulous cannot, I think, doubt the correctness of their conclusion. The motion for a new *34 trial must therefore fail. The finding ot the jury has fixed the facts charged upon the defendant; and that they were committed malo animo, and with the int< ntion of previ nt-ing the due, course of justice. And the motion in arr< sfc of judgment, involves the question, whether the offence so found, constitutes an offence for which the defendant can be punished criminaliter.
Dunlin, for the motion.
Hayne, attorney-general, contra.
For the defendant, it is contended that the indictment, should have .charged, specifically, the fact which the defendant attempted to procure the witness to swear to, as without it, it could not appear whether it was true or false, and the defendant might therefore be innocent.
The principle I take to be is, that any attempt to prevent the due course of justice is an indictable offence, and punishable criminaliter. On this principle, perjury, subornation of perjury, bribery, extortion, rescue, escape, &c. arc indictable offences. (1 Chitty’s Crim. Law, 85.J So in attempting to prejudice the mind of the jury, by distributing hand bills before the trial. (4 Term Rep. 285.) And in Tremain's P. C. 169, we find the precedent of an indictment for persuading a witness not to give evidence. The fact to which the defendant wished the w itness to swear, he was prevented from disclosing by the indignant repulse which the witness gave him, and did not therefore enter into the case; and if it had, it is only a circumstance going to shew the quo animo, with which the bribe was offered, and any other circumstances producing the same conviction, as to the intention, is fully sufficient. The indictment in this case does charge the act to have been done with an intention to prevtent the course of justice, and on the principle established, it is an indictable offence.
The motion is refused.
justices Nott, Huger, Richardson and Colcock, concurred.